UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EPI-USE AMERICA, INC., <br><br> Plaintiff, <br><br> - against - <br><br> TE CONNECTIVITY CORPORATION, <br><br> Defendant. | 25-cv-1770 (PGG) <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND <u>PROTECTIVE ORDER</u>** |

JOHN P. CRONAN, U.S.D.J:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms:

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

WHEREAS, this order is to extend to any person involved in this action, including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order.

IT IS HEREBY ORDERED, with the consent of the Parties through their Counsel, as follows:

1. The term **Challenging Party** shall mean any Party that challenges the designation of information or items under this Order.

2. The term **Confidential Discovery Material** shall mean any Disclosure or Discovery

1

Material designated as CONFIDENTIAL by a Party or its Counsel in accordance with the parameters set forth in this Order.

3. The term **Counsel** shall mean any attorneys retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party. This term shall include attorney support staff.

4. The term **Disclosure** or **Discovery Material** shall mean all items or information, regardless of the medium or way they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

5. The term **Designated Material** shall mean any Disclosure or Discovery Material designated CONFIDENTIAL under this Order.

6. The term **Designating Party** shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

7. The term **Expert** shall mean a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

8. The term **Final Disposition** shall mean the later of: (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, and/or trials of the Action.

9. The term **Non-Party** shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

10. The term **Party** shall mean any party to this Action, including its officers, directors, and employees.

11. The term **Producing Party** shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

12. The term **Professional Vendors** shall mean Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

13. The term **Receiving Party** shall mean a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

14. No person subject to this Order may divulge Disclosure or Discovery Material designated as "CONFIDENTIAL" to anyone except as this Order expressly permits.

15. The Producing Party may designate as "CONFIDENTIAL" documents or disclosures that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information this Court subsequently affords confidential status.

3

16. Each Party or Non-Party that designates Disclosures or Discovery Material as "CONFIDENTIAL" under this Order must take reasonable care to limit any designation to material that qualifies for protection under this Order.

17. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its Counsel may designate documents or disclosures as "CONFIDENTIAL" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected material in a manner that will not interfere with legibility or audibility. A Receiving Party needing a redacted version for filing shall reach out to the Producing Party to request said redacted Disclosures or Discovery Material. The Producing Party shall provide the requested material without delay and no more than five business days from the request

18. A Producing Party or its Counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30)-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

19. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of the Disclosures or Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so

apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Disclosures or Discovery Material as Confidential.

20. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding including those allowed by Federal Rule of Evidence 502(d); or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

21. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit

hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

22. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

23. In accordance with paragraph 4 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

24. The Court also retains discretion whether to afford confidential treatment to any Disclosures or Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Disclosures or Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

25. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

26. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 5(C) of this Court's Individual Practices.

27. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 5(C) of this Court's Individual Practices.

28. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

29. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

30. Each person who has access to Disclosures or Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

31. Within 60 days of the Final Disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party or destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

32. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

33. This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| **HILL RIVKINS LLP** | **TROUTMAN PEPPER LOCKE LLP** |
|---|---|
| Date: 9/3/2025 | Date: 9/3/2025 |
| By: /s/ Justin M. Heilig | By: /s/ Daniel E. Gorman |
| Justin M. Heilig, Esq.<br>45 Broadway, Suite 2110<br>New York, NY 10006<br>Telephone: 212-669-0600<br>Email: jheilig@hillrivkins.com | Daniel E. Gorman, Esq.<br>875 Third Avenue,<br>New York, NY 10022<br>Telephone: 212-704-6333<br>Email: daniel.gorman@troutman.com |
| Mark D. Changaris, Esq.<br>Berg Hill Greenleaf Ruscitti<br>1712 Pearl Street<br>Boulder, CO 80302<br>Telephone: 303-402-1600<br>Email: mdc@bhgrlaw.com | Sean P. McNally, Esq.<br>Miranda Boulahanis, Esq.<br>4000 Town Center, Suite 1800<br>Southfield, Michigan 48075<br>Telephone: 248-359-7317<br>Email: sean.mcnally@troutman.com<br>Email: miranda.boulahanis@troutman.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**SO ORDERED.**

_____
**JOHN P. CRONAN**
**United States District Judge**

**Dated:** ___September 4___, 2025